CHRISTIANA SAWYER *vs.* EDWIN J. THAYER.

Piscataquis.   Opinion November 5, 1879.

*Executor de son tort.*

The declaration against an executor *de son tort* should be in the same form as if he were the rightful executor.

ON REPORT.

This action was originally entered before a trial justice and the writ, alleging and declaring defendant to be an executor in his own wrong, was framed to attach the goods or estate of the said Edwin J. Thayer, the said alleged executor *de son tort*. At the return day the defendant appeared and filed a motion to abate, because the officer's return did not show any attachment of property.

Whereupon the said trial justice allowed the officer to amend his return so as to show an attachment of the property of the said defendant, Edwin J. Thayer, and the officer did so amend his return.

The defendant then seasonably filed a motion to dismiss said action because the writ authorized and directed the attachment of the property of the said defendant which the said trial justice overruled, whereupon the parties pleaded the general issue and went to trial on the merits, and upon appeal by defendant to this court, the same motion to dismiss for same cause was seasonably made by defendant. Then plaintiff filed a motion to amend in these particulars to be used, should the decision of the court make these amendments necessary, to which defendant objected.

Whereupon the parties agree that the case shall be reported upon agreed statement, to the full court for decision. If the writ authorizing the attachment of the executor's property against him, as executor *de son tort*, is proper, the case to stand for trial. If not proper and not authorized by statute, and the amendments are not legally allowable, the action to be dismissed, and the defendant to have his costs.

*A. G. Lebroke,* for the plaintiff.

*J. B. Peaks,* for the defendant.

APPLETON, C. J.   An executor *de son tort* is one, who without rightful authority assumes the administration and disposition of the personal estate of a deceased person, when there is no rightful executor, or administration has not been granted.   If there has been probate of the will, or administration has been granted, any stranger interfering with the estate of the deceased is a trespasser.

The declaration against an alleged executor is the same in form, whether the defendant be the rightful executor, or executor *de son tort.   Myrick* v. *Anderson,* 68 E. C. L., 719.   An executor *de son tort* is to be declared against as if he were the lawful executor, though the party died intestate.   *Brown* v. *Leavitt,* 6 Foster, 495.   The liability of such an executor is enforced against him as if he were rightful executor.   *Shaw* v. *Hallihan,* 46 Vt. 389. The executor *de son tort* may be sued and treated as the rightful executor.   *Stockton* v *Wilson,* 3 Penn. 129.   Such has been the rule in this state.   *Allen* v. *Kimball,* 15 Maine, 116 *White* v. *Mann,* 26 Maine, 361.   *Lee* v. *Chase,* 58 Maine, 432.

The plaintiff may amend and declare against the defendant as if he were executor in fact.   The declaration should be against him as if he were a lawful executor and not one by wrong.

> *By the agreement of parties the
> case is to stand for trial.*

BARROWS, DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.